UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:00-CR-76 |
| v. ) | (VARLAN/SHIRLEY) |
| ) | |
| SAMER G. BAKRI, ) | |
| ) | |
| Defendant. ) | |

### AMENDED REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is now before the Court on the Defendant's Motion to Dismiss for Denial of Speedy Trial [Doc. 148], filed on October 25, 2013. The Government filed a response [Doc. 152] on January 2, 2014. On February 17, 2014, the Defendant filed a reply [Doc. 155]. The Court has thoroughly reviewed the parties' filings and cited case law, and for the reasons set forth more fully below, the Court recommends that the Defendant's motion to dismiss be denied

### I.  BACKGROUND

On May 2, 2000, the Defendant and his brother, Nazif G. Bakri, were charged in a 17-count Indictment. [Doc. 2]. The Defendant faces seven charges which include money laundering, conspiracy to commit money laundering, international money laundering, and interstate and foreign transportation of stolen money. These alleged crimes were committed

between November 1993 and October 1995, while the Defendant and his brother operated a nightclub in Knoxville, Tennessee. In 1996, a search warrant was executed at the nightclub while the Defendant was present. Soon thereafter, the Defendant fled to his home country of Jordan where he has remained since 1996.[1] Although the Defendant has not reentered the United States, he has retained local counsel in this case since 2000. Through counsel, the Defendant now moves to dismiss the Indictment against him on the grounds that his right to a speedy trial has been violated.

## II. POSITIONS OF THE PARTY

In his motion to dismiss and memorandum in support [Docs. 148, 149], the Defendant contends that despite the Government knowing his whereabouts for the past thirteen years, it has made no effort to extradite him in order to prosecute the case. The Defendant submits that the Government's gross negligence in failing to seek extradition has created a "strong presumption of prejudice" against him due to the extensive delay in this case. In addition, the Defendant has attached to his motion a copy of the Extradition Treaty between the United States and Jordan [Doc. 148-1] as evidence that the Government could have, but did not, extradite him.

The Government responds [Doc. 152] that the fugitive disentitlement doctrine prohibits the Defendant from litigating the merits of this case as he has refused to submit to the jurisdiction of this Court. Moreover, the Government maintains that even if the Court were to entertain the merits of the instant motion, the motion should nonetheless be denied for two additional reasons: (1) contrary to the Defendant's contention, the United States has not been

---

[1] Nazif G. Bakri was arraigned on the charges against him, later entering a guilty plea for willful failure to pay personal income tax. He was sentenced on June 6, 2003.

2

Case 3:00-cr-00076   Document 159   Filed 03/21/14   Page 2 of 6   PageID #: 115

able to extradite the Defendant; and (2) balancing the factors set forth in Barker v. Wingo, 407 U.S. 415, 530 (1972), the Defendant's right to a speedy trial has not been violated.

In his reply [Doc. 155], the Defendant argues that an evidentiary hearing is not necessary in this case because it is undisputed that the Defendant has been under indictment during the entire pendency of these proceedings, he has been living openly at his home in Jordan, the United States and Jordan are parties to an extradition treaty, and the United States has made no attempt to extradite him. As a result of the foregoing, the Defendant argues that the Indictment should be dismissed.

### III. ANALYSIS

In Molinaro v. New Jersey, our Supreme Court declined to hear a criminal appeal from a defendant who refused to surrender to state authorities. 396 U.S. 365, 365 (1970). The Court explained,

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

Id. at 366.

"The principle articulated by the Molinaro Court—that those who have fled from the judicial process may not benefit from it—is known as the 'doctrine of fugitive disentitlement.'" United States v. Kashamu, 656 F. Supp.2d 863, 866 (N.D. Ill. Sept. 25, 2009). Based upon the premise of mutuality, the long-established doctrine, applied in federal and state courts, limits a fugitive's access to the courts where he or she is only willing to submit his or her case for

3

Case 3:00-cr-00076 Document 159 Filed 03/21/14 Page 3 of 6 PageID #: 116

adjudication for the limited purpose of obtaining a favorable outcome. In re Prevot, 59 F.3d 556, 562 (6th Cir. 1995); see United States v. Oliveri, 190 F. Supp. 2d 933, 935 (S.D. Tex. Sept. 26, 2001) ("In the years since Molinaro, the fugitive disentitlement doctrine has come to signify the unwillingness of courts to waste time and resources exercising jurisdiction over litigants who will only comply with favorable rulings."). The doctrine is a discretionary tool that may be invoked by courts when a defendant refuses "to surrender as ordered." Kacaj v. Gonzales, 163 F. App'x 367, 368 (6th Cir. 2006).

Although the Court of Appeals for the Sixth Circuit has not yet had the opportunity to determine whether the fugitive disentitlement doctrine applies to pretrial motions in criminal cases, other district courts have routinely recognized the practice with approval. See United States v. Bokhari, No. 04-CR-56, 2014 WL 37349, at *2 (E.D. Wis. Jan. 6, 2014) (finding that "[c]ourts have applied the doctrine, as here, to pretrial motions in criminal cases"); United States v. Chung Cheng Yeh, No. CR 10-00231 WHA, 2013 WL 2146572, at *2 (N.D. Cal. May 15, 2013) (holding the same); Kashamu, 656 F. Supp. at 867 (holding "that the fugitive disentitlement doctrine can apply to pretrial motions in criminal cases, subject to the discretion of the Court"); Oliveri, 190 F. Supp.2d at 936 (recognizing that "[a]lthough the fugitive disentitlement doctrine is often invoked during the appellate process, it also applies to pretrial motions made by fugitives in the district courts"); United States v. Stanzione, 391 F. Supp. 1201, 1202 (S.D.N.Y April 2, 1975) (applying the doctrine and refusing to hear the defendant's motion to dismiss the indictment until he submitted to the jurisdiction of the court for full resolution of the case). The Court finds the above case law persuasive and joins them in recognizing that the fugitive disentitlement doctrine applies to pretrial motions in criminal cases, subject to the Court's discretion.

Applying the doctrine to the present matter, the Court must now determine whether (1) the Defendant is a "fugitive," and (2) any special circumstances exist that warrant an exception to the doctrine's application. See Kashamu, 656 F. Supp.2d at 867 (citing Oliveri, 190 F. Supp.2d at 936). The Sixth Circuit has noted that a fugitive is one who "conceals himself with the intent to avoid prosecution. This intent can be inferred from the defendant's knowledge that he was wanted and his subsequent failure to submit to an arrest." United States v. Greever, 134 F.3d 777, 780 (6th Cir. 1998). It is undisputed that the Defendant has been aware of the charges against him since the filing of the Indictment in 2000. Moreover, the Defendant has retained a local attorney throughout the legal proceedings of this case. Because the Defendant has remained in Jordan despite his knowledge of the Indictment, the Court finds that the Defendant has purposefully avoided facing the charges against him and is therefore a fugitive.

The Court also finds that no special circumstances exist that would preclude application of the fugitive disentitlement doctrine in this case. In United States v. Noriega, the court found special circumstances existed to allow defense counsel to make a special appearance on his client's behalf in order to argue the validity of the indictment. 683 F. Supp. 1373, 1374 (S.D. Fla. April 28, 1988). Specifically, the district court found that special circumstances existed because the defendant was a *de facto* head of a foreign government, it was a case of first impression that involved "delicate issues," and the case was "fraught with political overtones." Id. at 1375. In United States v. Shapiro, the district court likewise refused to invoke the fugitive disentitlement doctrine on the grounds that mutuality concerns were alleviated due the defendant agreeing to surrender to the court's jurisdiction if the merits of his pretrial motion were decided against him. 391 F. Supp. 689, 693 (S.D.N.Y. Mar. 24, 1975). Here, none of these circumstances exist. Nor is the Court aware of any other special circumstances in this case.

5

Accordingly, because the Defendant is a fugitive and no exceptions exist to the application of the fugitive disentitlement doctrine, the Court recommends that the Defendant's motion to dismiss be denied. "[U]ntil [the Defendant] is willing to submit his case for complete adjudication— win or lose— he should not be permitted to call upon the resources of the court for the determination of selective claims." Stanzione, 391 F. Supp. at 1202. Therefore, the Court declines to reach the merits of the instant motion.

## IV. CONCLUSION

After carefully considering the parties' filings, the Court finds that there is no basis to dismiss the Indictment. For the reasons set forth herein, it is **RECOMMENDED[2]** that the Defendant's Motion to Dismiss for Denial of Speedy Trial [**Doc. 148**] be **DENIED**.

Respectfully submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).