UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:00-CR-76-TAV-CCS-2 |
| | ) | |
| SAMER G. BAKRI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal matter is before the Court for consideration of the Amended Report and Recommendation entered by United States Magistrate Judge C. Clifford Shirley, Jr. (the "R&R") [Doc. 159]. In the R&R, Magistrate Judge Shirley recommends that the defendant's motion to dismiss for denial of speedy trial [Doc. 148] be denied. The defendant has filed an objection to the R&R [Doc. 160], and the government replied [Doc. 161].

**I.      Background**

On May 2, 2000, the defendant and his brother were charged in a seventeen-count indictment [Doc. 2]. The defendant is charged with money laundering, conspiracy to commit money laundering, international money laundering, and interstate and foreign transportation of stolen money.

The crimes alleged in the indictment were committed between November 1993 and October 1995 while the defendant and his brother were operating a nightclub in

Knoxville, Tennessee. The defendant was present when a search warrant was executed at the nightclub in 1996. Soon thereafter, the defendant fled to his home country of Jordan, and he has remained there since that time. Although the defendant has not reentered the United States, he has retained local counsel since 2000. Through counsel, the defendant moves to dismiss the indictment against him on the ground that his right to a speedy trial has been violated.

In the R&R, Magistrate Judge Shirley recommends that the Court deny the defendant's motion to dismiss because of the applicability of the doctrine of fugitive disentitlement [Doc. 159]. He finds that the defendant is a fugitive and that no special circumstances exist that warrant exception to the doctrine's application [*Id.*].

The defendant filed an objection to the R&R, asserting (1) that the magistrate judge erred in applying the doctrine of fugitive disentitlement because it has not been adopted by the Sixth Circuit, and (2) that the defendant is not a fugitive [Doc. 160].[1] The government filed a response rebutting the defendant's claims [Doc. 161].

---

[1] The R&R was amended as a result of the defendant's motion to reconsider [*See* Doc. 158]. The defendant moved the magistrate judge to reconsider the initial report and recommendation on two grounds. First, the defendant asserted that the report and recommendation stated the defendant was arraigned on the charges against him, pleaded guilty for willful failure to pay personal income tax, and was sentenced on June 6, 2003, but that statement should have been with respect to the defendant's brother and co-defendant, Nazif G. Bakri. The magistrate judge agreed with the defendant and amended the report and recommendation to correct the error. Second, the defendant asserted that the magistrate judge mistakenly noted that he was ordered to surrender. The magistrate judge found that "this issue is one that is more appropriately suited for the District Court to address after the Defendant has filed an objection to the Amended Report and Recommendation raising such allegation of error." Upon review of the amended R&R, the Court finds that the defendant did not reassert this objection. The Court therefore considers it waived and declines to address it.

## II.     Standard of Review

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a de novo review of those portions of the R&R to which the defendant has objected, considering the R&R, the motion to dismiss, the parties' underlying and supporting briefs, the defendant's objections, and the government's response to those objections, all in light of the applicable law.

## III.     Analysis

While the defendant argues that the Sixth Circuit has not adopted the doctrine of fugitive disentitlement, the doctrine has been recognized by the United States Supreme Court.  In *Molinaro v. New Jersey*, the Court stated:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction.  While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

396 U.S. 365, 366 (1970).  This statement is commonly characterized as the "doctrine of fugitive disentitlement."  *United States v. Kashamu*, 656 F. Supp. 2d 863, 866 (N.D. Ill. 2009); *see also United States v. Eagleson*, 874 F. Supp. 27, 29 (D. Mass. 1994).  While the Sixth Circuit has not yet applied the doctrine to pretrial motions in criminal cases, like the one before this Court, the Sixth Circuit has recognized, accepted, and applied the doctrine in other contexts.  *See Shigui Dong v. Holder*, 426 F. App'x 418 (6th Cir. 2011) (applying doctrine to immigration appeal); *Garcia-Flores v. Gonzales*, 477 F.3d 439, 441

3

(6th Cir. 2007) (same); *In re Prevot*, 59 F.3d 556, 562 (6th Cir. 1995) (noting the doctrine is "long-established in the federal and state courts, trial and appellate," and applying the doctrine in the context of an International Child Abduction Remedies Act case). Moreover, other district courts have routinely adopted the practice of applying the doctrine in the pretrial motion context. *See United States v. Bokhari*, No. 04-CR-56, 2014 WL 37349, at *2 (E.D. Wis. Jan. 6, 2014) (finding that "[c]ourts have applied the doctrine, as here, to pretrial motions in criminal cases" (citations omitted)); *United States v. Chung Cheng Yeh*, No. CR 10-00231 WHA, 2013 WL 2146572, at *2 (N.D. Cal. May 15, 2013) (same); *Kashamu*, 656 F. Supp. 2d at 867 (holding "that the fugitive disentitlement doctrine can apply to pretrial motions in criminal cases, subject to the discretion of the Court"); *United States v. Oliveri*, 190 F. Supp. 2d 933, 936 (S.D. Tex. 2001) (recognizing that "[a]lthough the fugitive disentitlement doctrine is often invoked during the appellate process, it also applies to pretrial motions made by fugitives in the district courts"); *United States v. Stanzione*, 391 F. Supp. 1201, 1202 (S.D.N.Y 1975) (applying the doctrine and refusing to hear the defendant's motion to dismiss the indictment until he submitted to the jurisdiction of the court for full resolution of the case). Thus, the Court finds that the magistrate judge properly applied the doctrine of fugitive disentitlement in examining the defendant's motion to dismiss.

The doctrine of fugitive disentitlement is a discretionary tool that "limits access to the federal courts by a fugitive who has deliberately fled from custody." *Kacaj v. Gonzales*, 163 F. App'x 367, 368 (6th Cir. 2006); *see also In re Prevot*, 59 F.3d at 562. It

4

is based upon the premise of mutuality. *Oliveri*, 190 F. Supp. 2d at 935 ("[T]he fugitive disentitlement doctrine has come to signify the unwillingness of courts to waste time and resources exercising jurisdiction over litigants who will only comply with favorable rulings of the court."). "[U]ntil [the defendant] is willing to submit his case for complete adjudication—win or lose—he should not be permitted to call upon the resources of the court for the determination of selective claims." *Stanzione,* 391 F. Supp. at 1201.

Applying the doctrine involves a two-part inquiry. The court must examine (1) whether the defendant is a fugitive, and (2) whether any special circumstances exist that warrant an exception to the doctrine's application. *Kashamu*, 656 F. Supp. 2d at 867 (citing *Oliveri*, 190 F. Supp. 2d at 936).

A fugitive is "someone who seeks to evade prosecution by either actively avoiding the authorities, or remaining in a geographic location that is out of the authorities' reach." *Id.* In the Sixth Circuit, specifically, the defendant must "conceal[] himself with the intent to avoid prosecution." *United States v. Greever*, 134 F.3d 777, 780 (6th Cir. 1998) (citations omitted). "This intent can be inferred from the defendant's knowledge that he was wanted and his subsequent failure to submit to an arrest." *Id.* (citations omitted).

The defendant argues he is not a fugitive because "[h]e has at all times since his indictment been living openly in the Kingdom of Jordan" [Doc. 160]. He further asserts

5

he left the United States when his visa was about to expire and that he cannot enter the United States because of the indictment against him.[2]

It is undisputed that the defendant left the United States after becoming aware of the investigation and the potential charges against him. The defendant also does not dispute that he has been aware of the charges against him since 2000 and has remained in Jordan despite that knowledge. Indeed, he has retained local counsel to represent him throughout the duration of this case. Moreover, and importantly, the defendant does not assert that he is willing to submit to the jurisdiction of the United States and be arrested; he asserts only that the United States has made no attempt to extradite him. The Court therefore finds that the defendant is avoiding prosecution and is, consequently, a fugitive.[3]

## IV. Conclusion

In sum, after reviewing the record in this case, including the R&R, the objections, the underlying briefs, and the relevant law, the Court determines that the magistrate judge fully and appropriately considered the arguments in support of the motion to dismiss the indictment and properly recommends that the motion to dismiss be denied. Further, the Court finds the defendant's objections to the R&R without merit, as discussed in this memorandum opinion and order. Accordingly, the defendant's objections to the R&R

---

[2] In support, the defendant cites *Dickey v. Florida*, 398 U.S. 30 (1970), but that case is inapposite because it does not address the doctrine of fugitive disentitlement.

[3] Because the defendant did not object to the magistrate judge's analysis of the second inquiry—whether any special circumstances exist that warrant an exception to the doctrine's application—the Court does not address it here. Nevertheless, the Court agrees with the magistrate judge's analysis regarding this second prong.

[Doc. 160] are **OVERRULED**, the R&R [Doc. 159] is **ACCEPTED in whole**, and the defendant's motion to dismiss [Doc. 148] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

7

Case 3:00-cr-00076   Document 162   Filed 04/30/14   Page 7 of 7   PageID #: 134