UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:00-CR-76 |
| v. ) | |
| ) | (VARLAN / SHIRLEY) |
| SAMER G. BAKRI, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is now before the Court on a Petition for Writ of Habeas Corpus [Doc. 170], filed and amended [Doc. 171][1] by Samer G. Bakri, on August 13, 2015. Bakri seeks the dismissal of his criminal case, because it has been pending for sixteen years without the Government seeking to extradite him. He argues that money laundering, with which he has been charged, is an extraditable offense under the United States' treaty with Jordan. He contends both that the sixteen-year delay is presumed prejudicial and that his liberty is restrained because he cannot travel outside of the Kingdom of Jordan, although his wife is from the United States and he has immediate family here. He contends that, pursuant to the recent Sixth Circuit decision in <u>Avelino Cruz Martinez v. United States</u>, No. 14-5860 (6th Cir. July 10, 2015), issues of extraditability may be tested by filing a petition for a writ of habeas corpus.

---

[1][1] The Petitioner (who is the criminal defendant in this case, No. 3:00-CR-76) filed a notice entitled Errata, which states that in the Petition for Writ of Habeas Corpus, the United States was mistakenly listed as the plaintiff. Samer Bakri states that, instead, he is the plaintiff.

1

The Court finds that the Petition should be summarily dismissed without further briefing because it appears from the Petition itself that Bakri is not entitled to the requested relief for the following procedural and substantive reasons:

> (1) A writ of habeas corpus is only available when the petitioner is in custody or his liberty is restrained in some fashion. The writ is directed to the individual detaining a person, ordering that individual to produce the person. Black's Law Dictionary 837 (revised 4th ed. 1968) (stating that the term "habeas corpus" is Latin for "you have the body"); see 28 U.S.C. § 2242 (providing that the application for a writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known"). In the instant case, the Petitioner fled to his home country of Jordan in 1996 and remains there to this day. Accordingly, a writ of habeas corpus is not applicable in this case.

> (2) The Petitioner misreads Avelino Cruz Martinez v. United States, which, in any event, has been vacated since the Petitioner filed the instant petition. In Martinez, the Court held that a prisoner may use a petition for a writ of habeas corpus to contest an extradition order, even though such order is not a final order of the court. Id. at 6. Defendant Martinez, a Mexican national living and working as a legal permanent resident in the United States, killed two men while visiting his family in Mexico on December 31, 2005. Id. at 2. Martinez was charged by the Mexican state of Oaxaca with homicide by firearm in 2006, but the Mexican government did not attempt to extradite Martinez until May 2012. Id. at 3-4. In June 2013, the United States government filed a complaint in the Middle District of Tennessee, seeking Martinez's arrest for purposes of extradition. Id. at 5. Martinez was arrested in June 2013, and in January 2014, a United States Magistrate Judge certified that he was subject to extradition under the terms of the treaty with Mexico. Id. Thus, unlike Petitioner Bakri, Martinez was actually in the custody of the United States Attorney when he petitioned for a writ of habeas corpus. The Martinez decision does not support the Defendant's contention that the *failure to attempt to extradite* an individual may be challenged by a petition for writ of habeas corpus. Moreover, on October 14, 2015, the Court of Appeals for the Sixth Circuit vacated its decision in Martinez and granted the petition for a rehearing *en banc*. No. 14-5860, Doc. 25

(6th Cir. Oct. 14, 2015) (Order). Oral argument is to occur before the appellate court *en banc* on March 9, 2016.

(3) This Court has already concluded [Doc. 159] and the District Judge has ruled [Doc. 162] that the Defendant is a fugitive and the fugitive disentitlement doctrine prevents him from using the process of the Court to dismiss this case. "[U]ntil [the Defendant] is willing to submit his case for complete adjudication—win or lose— he should not be permitted to call upon the resources of the court for the determination of selective claims." United States v. Stanzione, 391 F. Supp. 1201, 1202 (S.D.N.Y April 2, 1975). Judge Varlan denied [Doc. 165] Bakri's request to bring an interlocutory appeal of this issue, and the Sixth Circuit has denied [Doc. 167] Bakri's petition for a writ of mandamus, observing that it, along with the Supreme Court, recognizes the doctrine of fugitive disentitlement. On January 12, 2015, the Supreme Court denied [Doc. 169] Bakri's petition for a writ of certiorari on this issue.

Accordingly, the Court finds that the Petition along with the files and records of this case conclusively reveal that the Petitioner is not entitled to the requested relief. 18 U.S.C. § 2243. The undersigned respectfully **RECOMMENDS** that the Petition for Writ of Habeas Corpus [**Doc. 170**] be summarily dismissed.[2]

                                       Respectfully submitted,

                                          s/ C. Clifford Shirley, Jr.  
                                       United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).